UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATRINA M., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )     1:23-cv-00360-LEW |
| | ) |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) ) |
| | ) |
|    Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act was denied as Defendant determined that Plaintiff maintained the capacity to work despite certain severe impairments. On her complaint for judicial review, Plaintiff contends the Administrative Law Judge (ALJ) erred when she declined to consider vocational evidence that Plaintiff submitted after the post-hearing deadline established by the ALJ for the filing of vocational evidence.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE PROCEEDING**

The ALJ conducted an evidentiary administrative hearing on September 23, 2021. (R. 37.) During the hearing, Plaintiff's counsel informed the ALJ that certain medical records were outstanding and not part of the record. (R. 45-46.) The ALJ established

October 7 as the deadline for Plaintiff to submit the records. (R. 46.)  The ALJ also stated, "if for some reason you need more time, you can send in your written extension request for the file by that date." (*Id.*)

Before the presentation of any evidence, the ALJ and Plaintiff's counsel engaged in the following colloquy:

ALJ:

I have reviewed your brief at Exhibit B19E and pre-hearing objections related to the Vocational Expert testimony and are overruled as premature. Post-hearing briefing is optional but it is due no later than the close of business on September 30th, 2021.

To be clear, the deadline also encompasses any or all arguments, affidavits, or evidence concerning Vocational Expert testimony, job numbers or the like from you or any third party.  Please note that if I do not receive anything and you have not submitted a written extension request by that deadline, I will issue a decision without considering anything filed after that date unless good cause is shown for failure to meet the deadline.

I have also previously indicated to you, Mr. Hillman, that I'm not persuaded by your argument that Vocational Expert rebuttal evidence may be submitted at any time prior to the decision and I have previously given you my decision on the matter. Do you need me to restate that position or do you agree that you have had sufficient notice that I may exclude untimely Vocational Expert rebuttal evidence?

> Plaintiff's Attorney:
>
> I agree that I have had sufficient notice of this Court's position.

(R. 48-49.)

At the conclusion of the administrative hearing, the ALJ stated:

> So just to review, post hearing briefing and any Vocational Expert rebuttal evidence is due by close of business on September 30th of 2021. And for those three sources still outstanding and the post-hearing brief – those are due by close of business on October 7th or your extension request needs to be in the file by that date.

(R. 66.)

Plaintiff filed the affidavit of a vocational expert on October 6, 2021. The ALJ excluded the evidence and explained in detail her reasoning in her decision on Plaintiff's application for benefits, which decision was issued on November 2, 2022. (R. 15-16.)

## DISCUSSION

Plaintiff contends that under the applicable social security regulations and policy, the ALJ is not authorized to establish a pre-decision deadline for a claimant to file post-hearing vocational evidence. Plaintiff maintains that Social Security Ruling (SSR) 96-9p governs a claimant's ability to submit rebuttal vocational evidence. SSR 96-9p provides in pertinent part:

> At the hearings and appeals levels, vocational experts (VEs) are vocational professionals who provide impartial expert opinion during the hearings and appeals process either by testifying or by providing written responses to

3

> interrogatories. A VE may be used before, during, or after a hearing. Whenever a VE is used, the individual has the right to review and respond to the VE testimony prior to the issuance of a decision.

1996 WL 374185, *9 n.8.  According to Plaintiff, pursuant to SSR 96-9p, the ALJ was required to admit and consider the evidence provided Plaintiff filed it before the ALJ issued her decision.

This District has considered Plaintiff's argument and found it unpersuasive. *See Raymond B. v. O"Malley,* No. 1:22-cv-00393-JAW, 2024 WL 277833 (D. Me. Jan. 25, 2024, *recommended decision aff'd*, Apr. 23, 2024); *Kenneth W. v. O'Malley,* No. 2:23-cv-00204-JDL, 2024 WL 277833 (D. Me. Jan. 25, 2024, *recommended decision aff'd*, Apr. 19, 2024).  In accord with the sound reasoning of the Court in *Kenneth W.* and *Raymond B.*, the ALJ was authorized to establish and enforce a reasonable deadline for the post-hearing submission of vocational evidence.  The ALJ acted in accordance with that authorization in this case.

Plaintiff also argues that the ALJ should have considered the evidence because she submitted the evidence before the close of the evidence on October 7, 2021.  At oral argument and in her reply, Plaintiff contends Defendant waived the ability to contest Plaintiff's position because Defendant did not directly respond to the argument. Plaintiff's argument is unconvincing.

First, a party is not entitled to prevail on an argument, regardless of merit, simply because an opposing party did not respond directly to the argument.  Furthermore, neither the law of this District nor Defendant's regulations require an ALJ to establish one

4

deadline to govern all post-hearing filings. The ALJ has the authority to "decide when the evidence will be presented." 20 C.F.R. §§ 404.944, 416.1444.

Here, the ALJ did not leave the record open until October 7, 2021, for any evidence a party might want to submit. The ALJ plainly and unequivocally established October 7 as the deadline for the medical source records that were outstanding and for the parties' post-hearing briefs. The ALJ just as plainly and unequivocally established September 30, 2021, as the deadline for vocational evidence. The ALJ's decision to permit Plaintiff more time to obtain records that are maintained by third parties and at the time of the hearing had evidently been difficult to obtain is reasonable and understandable. Plaintiff's contention that the later deadline governs her filing is directly contradicted by the record.[1]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[1] Plaintiff's argument that the ALJ erred when she did not consider the vocational evidence even though the ALJ had Plaintiff's application under advisement for more than a year also fails. The length of time a matter is under advisement did not alter the deadlines for post-hearing filings.

5

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of May, 2024.